UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL GONZALEZ-OCHOA,<br><br>Defendant. | No. 2:12-cr-0148 KJM<br><br><br><br>ORDER |

Defendant Miguel Gonzalez-Ochoa, proceeding *pro se*, moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot., ECF No. 167. The government opposes. Opp'n, ECF No. 169. Defendant's motion relies on Amendment 782 to U.S.S.G. § 1B1.10, which became effective November 1, 2014 and lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, No. 1:02-CR-05319-LJO, 2014 WL 6773237, *1 (E.D. Cal., Nov. 10, 2014). After careful consideration, the court DENIES defendant's motion.

////

////

1

I. BACKGROUND

On April 12, 2012, defendant was indicted on one count of conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine, one count of distribution of at least 50 grams of methamphetamine, one count of conspiracy to launder monetary instruments, and three counts of laundering of monetary instruments. Indictment, ECF No. 45, at 1-4.

On July 22, 2015, defendant plead guilty to distributing at least 50 grams of methamphetamine in violation of 21 U.S.C § 841(a)(1) (Count Two), and conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count Three). *See* Plea Agmt., ECF No. 123, at 2. On November 10, 2015, after defendant's guilty pleas, the Probation Officer prepared a Presentence Investigation Report ("PSR"), calculating the Guidelines range for sentencing using the 2014 Sentencing Guidelines. *See* PSR, ECF No. 132 (sealed), ¶¶ 18, 30. The PSR recommended a base offense level of 30 and, after adjustments, a total offense level of 29. *Id.* ¶ 30. With a criminal history category IV, the resulting advisory Guidelines range was 121 to 151 months in prison. *Id.* ¶ 66. On January 6, 2016, the court varied downward to impose a sentence of 90 months on each of Counts 2 and 3, to be served concurrently for a total term of 90 months. Sentencing Mins., ECF 141.

II. LEGAL STANDARD

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582. In relevant part, § 3582 provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

"The Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United*

1 | *States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G § 1B1.10." *Id*. (citing *Dillon*, 560 U.S. at 827). This is done "by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting § 1B1.10(b)(1)). Generally, § 1B1.10 precludes courts from reducing a prison term below the minimum provided by the amended Guidelines range. *Id*.

### III. ANALYSIS

Assuming without deciding that defendant's Rule 11(c)(1)(C) plea agreement does not preclude the court's exercise of jurisdiction over this motion, *see generally United States v. Davis*, 825 F.3d 1014, 1028 (9th Cir. 2016) (en banc) (reversing district court's determination it lacked jurisdiction, examining fractured approaches to assessing jurisdiction over Rule 11(c)(1)(C) plea agreements, and adopting one such approach as the most persuasive), defendant is not entitled to relief. Amendment 782 became effective on November 1, 2014, and was incorporated into the 2014 United States Sentencing Guidelines. It was thus in effect when defendant was sentenced on January 6, 2016. As the PSR stated, "The 2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." PSR ¶ 18 (citing USSG §1B1.11). Amendment 782 did not reduce defendant's sentencing Guidelines range. The court therefore DENIES his motion.

### IV. CONCLUSION

Defendant Miguel Gonzalez-Ochoa's motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2) is DENIED.

IT IS SO ORDERED.

This resolves ECF No. 167.

DATED: March 8, 2018.

_____
UNITED STATES DISTRICT JUDGE